HEARD APRIL TERM, 1872.

## STEWART *vs.* BLEASE.

The Probate Court is not ousted of its jurisdiction in cases of dower, because questions of fact are involved. The Probate Judge has power to decide all such questions, and the remedy is to appeal to the Circuit Court, and apply in that Court for an issue to be joined under the direction of the Court and tried by a jury, as provided by Section 28 of the Act of 1868, and Section 62 of the Code of Procedure. If no such issue is demanded, the Circuit Judge hears the appeal upon the copy of the proceedings, certified by the Probate Judge and filed in the Circuit Court.

Plaintiff in dower may give in evidence a copy of a deed of the United States Marshal purporting to convey to defendant the land in which dower is claimed as the property of her husband, and this without notice of her intention to offer the same, or to produce the original deed.

BEFORE MOSES, J., AT NEWBERRY, SEPTEMBER TERM, 1871.

This case will be understood from the decree of the Circuit Judge, which is as follows :

MOSES, J. The petitioner, Eliza R. Stewart, filed her petition in the Probate Court for the County of Newberry on the 2d day of November, A. D. 1869, against the defendant, Henry H. Blease,

for the recovery of dower in a certain tract of land therein described. By the answer of Henry H. Blease, her right to dower was denied.

The cause came to be heard by the Probate Court, and on the 7th day of February, 1870, John T. Peterson, Esq., as Probate Judge, pronounced his decree, wherein he sustained the petitioner's claim of dower, and ordered a writ for its admeasurèment to issue.

From this decree the defendant appealed, on the following grounds, to-wit:

First. Because the Probate Judge erred in allowing the petitioner to offer in evidence a paper, purporting to be a copy of a deed from the United States Marshal to the defendant, for the land described in the petition, without notice of her intention to offer the same, or to rquire the production of the original.

Second. Because the Probate Judge erred in not sustaining the objection to the jurisdiction taken by the defendant upon the ground that a question of fact had been made by the evidence so important and material as to require the verdict of a jury, which the Probate Judge had no right to empannel.

Third. Because the Probate Judge erred in deciding that the petitioner could not be barred of her dower in consequence of any promise, either expressed or implied, which she may have made before, or even after, the death of her husband.

Fourth. Because the weight of the testimony clearly established that the petitioner did consent and promise to relinquish her dower in the lands described in the petition upon certain conditions, with which the defendant fully complied.

In the trial before me, copies of all the proceedings in the Court below were submitted. From them it appears that the demandant, Eliza R. Stewart, is the widow of Robert Stewart, who, in his lifetime, was seized in fee of a valuable plantation of land, lying in this County, containing about nine hundred and thirty-two acres; that, on the 17th day of February, 1869, the United States Marshal, under a *fieri facias*, sold the lands, at public auction, to Henry H. Blease, the defendant, at the price of sixteen thousand dollars; and, that, on the same day, but prior to the United States Marshal's sale, Robert Stewart, by deed, conveyed the said lands to the defendant at the price of twelve thousand five hundred dollars. That, by the testimony of the defendant, an arrangement was entered into by Robert Stewart and the defendant that he should purchase the land at the United States Marshal's sale, and when this conversation

occurred between them, Mr. Stewart said "there were judgments against him for which the lands now to be sold were to satisfy." Stewart said, "if the lands sold for more than the judgments, certain persons would enter suit against him in the Bankrupt Court, and never let the money come into his hands." He asked me (Blease) "to first help him make the land bring its true value, and then to put the overplus in his (Stewart's) hands, saying he would make a perfect title."

That soon afterwards, and before the arrangement between the defendant and Robert Stewart was consummated, A. C. Garlington, as the administrator of the estate of J. M. Young, deceased, holding a-large claim against Robert Stewart, as surety for the late Hon. J. B. O'Neall, as guardian of the estate of his intestate, filed his petition in the United States Court for this State in Bankruptcy, praying for the involuntary bankruptcy of Robert Stewart. That both Robert Stewart and Henry H. Blease were much disturbed by this act of ·Garlington, which sought to have the amount of the purchase money at the United States Marshal's sale, after paying the judgments, paid into the United States Court. That, subsequently, the defendant, by an order of Court, in case of A. C. Garlington, as Administrator, vs. Posey and wife and others, obtained the assignment of the bond to himself. That consultations were being had from time to time, respecting the relinquishment of dower by the demandant to Blease; and here there is a discrepancy between the testimony of the defendant, on the one hand, and that of the demandant and other witnesses, on the other hand—the first insisting that a parol promise was made by the demandant to him that if he purchased the bond and assigned it to her, she would relinquish her dower in said lands. The other parties insist that no such promise or agreement was made by her. That the bond was paid for out of the purchase money of said land, at the price agreed upon by the defendant and Robert Stewart, except two thousand dollars, which have never been paid, but for which the defendant gave his obligations. My judgment, made upon the law and facts, is very clear as to the demandant's right of dower, as established by the decree of the Probate Judge. Yet, as remarked by Chancellor Wardlaw, in the case of *Church of Advent* vs. *Farrow and Wife,* 7 Rich. Eq., 381, "as it is always satisfactory to a litigant to be enabled to know that his claim or defense has been deliberately considered by the tribunal determining his rights," I will briefly review the positions assumed by the defendant in this case, in the order indicated by him.

*As to the error charged in the first ground of appeal:*　It does not seem to have been necessary to introduce the copy of the deed objected to.　It was no part of the husband's title, and could only have been introduced to show the time and possession of the defendant, both of which were abundantly established by other testimony. But, even if it had been a part of her husband's title, if we follow the decision in the case of *Forrest* vs. *Trammell*, 1 Bail., 77, copies would have been admissible.　In *Reid* vs. *Stevenson*, 3 Rich., 67, and *Smith* vs. *Paysinger*, 1 Mill., 59, the Court held that the demandant in dower was not required to show title in her husband—possession was sufficient.　In fact, in the present case, the defendant, in his answer, admits that he purchased the lands of her husband and made an exhibit of a copy of the deed of conveyance, and also admits that he purchased the lands at the United States Marshal's sale at the price alleged in the petition.

I am satisfied that no injury has resulted to the defendant thereby.

*As to the second ground of appeal:*　The Probate Court is clothed by the Constitution of this State, and by the Acts of the General Assembly, passed in pursuance thereof, with jurisdiction as to petitions of dower.　No exception is there made.　Under such circumstances, I am satisfied with the action of the Probate Judge.

*The third ground of appeal* refers to that part of the decree where he decides that the petitioner could not be barred of her claim of dower by any parol promise, express or implied, before or after the death of her husband.

" Dower is a right favored in law," and its relinquishment under the law, as it existed prior to the adoption of the present Constitution of the State, was guarded in the most solemn manner.　But it is insisted, in this case, that, admitting the severe restrictions heretofore guarding the relinquishment of dower, as the law was changed by the 8th Section of the 14th Article of our new Constitution, a married woman can, by a parol promise or agreement, convey her dower in lands as fully as she can any other separate estate, and as if she were a *feme sole.*

While I am not, by any means, prepared to subscribe to such a broad statement of the new rights vested in her, still I do not conceive that I am called upon to decide such questions in this case, for I am aware of no law relating to the alienation of lands which compels a deed to be made upon a disputed parol promise to convey without consideration even where a party is " *sui juris.*"

In this case there is a discrepancy in the testimony relating to the alleged parol promise to convey and no consideration established. From a consideration of the situation of the parties at the time A. C. Garlington filed his petition, praying for the involuntary bankruptcy of Robert Stewart, both the defendant and Stewart were in jeopardy, for Stewart might have been financially ruined, and Blease might have been compelled to pay the difference between the judgment, some $7,000 or $8,000, and his bid, $16,000, into the U. S. Court, or he might have been forced to lose the money he had paid, and also forfeit his claim to the land. The provisions of the 39th Section of the Bankrupt Act of the United States are *exceedingly stringent.* So that, from the circumstances, leaving out of consideration for the time the denial of the parol promise, it does not appear that the defendant was induced to purchase the bond in question, in reliance upon any promise of demandant, and that any reliable consideration moved her in the transaction.

And now we are left to consider the *fourth and last ground of appeal.* An extended notice of this position is rendered useless by the consideration I have just given, and conclusion announced relative to the third ground of appeal, for, clearly, if the alleged parol promise to convey be enforced, even admitting its having been made, it will not be necessary to deal at length with that objection which pertains to the " weight of testimony " relied on to establish its existence. It involves the decision of an immaterial issue.

It is ordered and decreed that the appeal be dismissed, and that the decretal order of the Probate Judge, dated the 7th day of February, 1870, be sustained as the judgment of this Court, and that this decree be certified by the Clerk of this Court to the Probate Court for such other proceedings as may be necessary to enforce the same.

It is further ordered that the costs of this appeal be taxed against the defendant, Henry H. Blease.

The defendant appealed to this Court on the grounds :

*First.* Because His Honor the Circuit Judge erred in his decision sustaining the Probate Judge in allowing the respondent to offer in evidence a paper purporting to be a copy of a deed from the United States Marshal to the appellant, for the land described in the petition in which dower is sought, without notice of her intention to offer the same, or to require the production of the original.

*Second.* Because His Honor the Circuit Judge erred in his decision in concurring with the Probate Judge in not sustaining the objection to the jurisdiction of the Probate Court, taken by the appellant, upon the ground that a question of fact, involving title to real estate, had been made by the evidence so material and conflicting as to require the verdict of a jury, which the Probate Judge has no authority to empannel.

*Third.* Because His Honor the Circuit Judge erred in deciding that the respondent could not be barred of her dower in consequence of any promise, either expressed or implied, which she may have made before or even after the death of her husband.

*Fourth.* Because the weight of the testimony clearly established that the respondent did consent and promise to relinquish her dower in the lands described in the petition, upon certain conditions, with which the appellant fully complied.

*Baxter & Johnstone, Jones,* for appellant, cited, upon the first ground, *Gist* vs. *McJunkin,* 2 Rich., 153; *Pickering* vs. *Myers,* 2 Bail., 118; *Executors of Grey* vs. *Kernahan,* 2 Mill., 65; *Lowry* vs. *Pinson,* 2 Bail., 324; Steph. N. P., 1524; 2 Stark Ev., 43; *O'Neal$^l$* vs. *Isbell,* 9 Rich., 369. The case of *Forrest* vs. *Trammel,* 1 Bail., 77, was decided before the Act of 1843, (11 Stat., 255,) was passed. This Act required notice to be given before an office copy of a deed can be given in evidence, and, besides, in *Forrest* vs. *Trammel,* the copy was given in evidence not to show title, as here, but merely to show extent of possession. Upon the second ground they contended that the Probate Court has no jurisdiction where, as here, there is a disputed question of fact to be decided upon conflicting evidence, (2 Scrib. on Dow., 149;) and upon the third and fourth grounds they contended that a widow may bar herself of dower by encouraging one to purchase under a promise, express or implied, to release her dower, (2 Scrib. on Dow., 251, 253, 255, 149, 597; *Douglass* vs. *Tapping,* 4 Paige, 94; *Daniels* vs. *Davison,* 16 Ves., Jr., 253; *Cory* vs. *Geitchin,* 2 Mad., 40; *Heth* vs. *Coke,* 1 Rand., 344; *Stoney* vs. *Bank of Charleston,* 1 Rich. Eq., 275; *Wood* vs. *Seely,* 32 N. Y., 5 Tiff., 105; *Lawrence* vs. *Brown,* 1 Seld., 394, 401; *Wood* vs. *Keyes,* 6 Paige, 478; *Lawson* vs. *Morton,* 6 Dana, 471;) and that the evidence shows that defendant was induced by plaintiff to purchase under the expectation that she would release her dower.

*Fair, Pope & Pope,* contra.

Dec. 14, 1872. The opinion of the Court was delivered by

MOSES, C. J. By the 20th Section of the 4th Article of the Constitution the Probate Court is vested "with jurisdiction in business appertaining to minors and the allotment of dower." The Act of 21st September, 1868, 14 Stat., 77, defines its extent and regulates its exercise.

The material objection to the decree submitted by the appellant in this case, ordering the allotment of dower, is raised by his second ground of appeal to the Circuit Court, and brought here by him from that Court for our revision, to wit: "Because the Probate Judge erred in not sustaining the objection to the jurisdiction taken by the defendant, upon the ground that a question of fact had been made by the evidence so important and material as to require the verdict of a jury, which the Probate Judge had no right to empannel."

If this proposition is sustained there would be an end to the jurisdiction of the Probate Court in cases of dower. The determination of all questions in Courts of Justice depend on the facts through the existence and virtue of which rights are claimed, and these facts must appear before the principles of the law can be interposed to ascertain what benefits they confer, or what duties they impose.

In every case of dower it must be shown that the demandant is the widow of the husband who, during the coverture, was seized of the premises to which the defendant, either by possession or otherwise, asserts a title in bar of her recovery. The objection, it seems from the language of the appeal, was made after the testimony had been heard.

The Probate Judge, even if it was conflicting, was obliged to decide without the intervention of a jury, for he had no authority to summons or empannel one. His judgment must be formed from his solution of the facts and his understanding of the law. The appellant was not without remedy, and if he failed to pursue the course by which his claim to a jury could have been secured, the fault is his.

By the Act of 1868, (14 Stat., 21st Section, p. 78,) "The Circuit Court shall have appellate jurisdiction of all matters originally within the jurisdiction of the Probate Court." The 26th Section requires "a certified copy of the record of the proceedings appealed

from to be filed in the Circuit Court." The hearing of the case in the Circuit Court is strictly on appeal, (except as will be hereinafter referred to,) limiting the presiding Judge to a review of, and judgment on the evidence taken below. His conclusion is final, unless reversed by the Supreme Court.

It was the default of the appellant which deprived him of a finding on the facts by a jury in the Circuit Court. By the said Act of 1868, Section 28: " When such certified copy shall have been filed in the Circuit Court, such Court shall proceed to the trial and determination of the question according to the rules of law; and, if there shall be any question of fact, or title to land, to be decided, issue may be joined thereon, under the direction of the Court, and a trial thereof had by a jury." This, as well as the 26th Section of the same Act, is repeated in the Code of Procedure, Sections 60, 62. No application was made for an issue to be joined " on any question of fact or title to land to be decided, and a trial thereof had by a jury," and in the absence of it the issues were to be taken as submitted to the sole determination of the Judge. The grounds of appeal make no exception, because the case was heard without a jury in the Circuit Court, where the appellant might have moved for and obtained one, but object, because it was heard without a jury in the Probate Court, which was without power to provide such a body.

There was no error in admitting the copy deed of the United States Marshal by which the land was conveyed to the defendant. " The demandant in dower is not required to make out a regular chain of title in her husband."—*Forrest* vs. *Trammell*, 1 Bail., 77. To show *prima facie* seizin in the husband, it has been held enough to prove " that the defendant went into possession under one to whom the husband had conveyed."—*Platt* vs. *Payne*, 2 Bail., 319. Even proof that the husband was in possession during coverture, claiming title is sufficient evidence of seizin in him.— 2 Scribner on Dower, 200. In the case before us, no evidence was necessary to establish the title of the husband during the coverture, for the defendant, in his answer, admits that he purchased the land as the property of the husband, at a sale by the Marshal, at the price stated in the petition, and actually filed, as an exhibit, a copy of the deed by which it was conveyed.

It is not necessary to discuss the general question made by the third ground, whether a widow can be barred of her dower in

consequence of a parol promise made before or after the death of her husband, for the weight of the testimony, in the judgment of the presiding Judge, disproved the allegation by the defendant of any such promise by the demandant, and we concur in the result which he expressed in this regard. We can find nothing in the testimony that constitutes an *estoppel in pais.*

The motion is dismissed.

*Willard,* A. J., and *Wright,* A. J., concurred.